## Lalena v. Murray

*Arthur M. Lobel,* for plaintiff.
*John S. Thome Jr.,* for defendants Murray.
*William T. MacMinn,* for defendants Scheetz.

McANDREWS, *J.,* December 1, 1995—This matter is before the court pursuant to plaintiff's appeal to the Superior Court of this court's order dated September 29, 1995, which granted the motion for summary judgment of defendants Scheetz Jr. and Murray. The order dismissed the complaint against said defendants. A timely notice of appeal was filed.

This case involves claims for personal injuries arising out of an automobile accident on July 9, 1991. Plaintiff was a passenger in an automobile driven by defendant Melissa Murray, which was allegedly struck by a vehicle driven by defendant Lawrence Scheetz Jr. Plaintiff brought suit claiming numerous injuries, as well as pain and suffering, as a result of the alleged negligence and carelessness of the defendants.

The gravamen of defendants' motion for summary judgment is that plaintiff, as a matter of law, did not suffer any "serious impairment of body function" from the accident, as is required under her insurance policy in order to recover for noneconomic losses. For the reasons set forth below, the court agreed with that position and granted defendants' motion for summary judgment.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record, and affidavits on file support the trial court's conclusions that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035; *Atkinson v. Haug,* 424 Pa. Super. 406, 622 A.2d 983 (1993). In this case, the court determined that the injuries sustained in the accident were only minor and clearly not serious enough under the requirements of plaintiff's limited tort insurance policy and that summary judgment was proper.

At the time of the accident, plaintiff was insured under the limited tort option provided for by 75 Pa.C.S. §1705. The limited tort option provides that, in exchange for a lower premium rate, an insured may waive his or her right to bring suit for "noneconomic" loss incurred as a result of an accident. "Noneconomic" loss is defined in section 1702 of this Act, known as the Pennsylvania Motor Vehicle Responsibility Law, as pain and suffering and other noneconomic detriment. Under the Act, however, there are certain exceptions to this general rule. One exception, the subject of this litigation, allows recovery for pain and suffering, or noneconomic losses, in cases involving "serious injury." An insured under the limited tort option may maintain an action for noneconomic loss if he or she can prove that he or she has suffered a "serious injury" as defined in the Act. 75 Pa.C.S. §1705(d). "Serious injury" is defined as "[a] personal injury resulting in death, serious impairment of a body function or permanent serious disfigurement." 75 Pa.C.S. §1702. The issue is whether plaintiff's injuries rise to the level of serious impairment of a bodily function.

Section 1701 et seq. was originally modeled by the Pennsylvania Legislature after a similar Michigan statute, causing our courts to turn to Michigan case law for guidance on this issue. See *DiFranco v. Pickard,* 427 Mich. 32, 398 N.W.2d 896 (1986). More recently, however, the Pennsylvania Superior Court has provided instruction on this issue, most importantly in construing relevant portions of the statute. See *Murray v. McCann,* 442 Pa. Super. 30, 658 A.2d 404 (1995). The court in *Murray* affirmed the Delaware County trial court's decision that the plaintiff in that personal injury case had not suffered a serious impairment of body function within the meaning of the statute. The court agreed with the trial court's determination that the plaintiff

suffered only "minor, rather than serious, interference with her daily life." *Murray, supra* at 40, 658 A.2d at 409. The *Murray* court relied upon the standard set forth in *DiFranco v. Pickard, supra,* the leading Michigan case on this issue, finding that the factors to be considered in determining whether a bodily impairment is serious are "the extent of the impairment, the particular body function impaired, the length of time the impairment lasted, [and] the treatment required to correct the impairment." *Murray, supra* at 36, 658 A.2d at 407. The *Murray* court added that "any other relevant factor may be utilized under the *DiFranco* decision." *Id.*

In applying the above-cited principles of law to the facts of this case, the court reviewed the record including plaintiff's deposition to determine the extent of plaintiff's injuries and how they affect her life. The record indicates that, following the accident, plaintiff complained of pain in her head and left foot. She was taken to the emergency room at Warminster General Hospital, where she received two stitches to her forehead and had x-rays of her left foot. She was then discharged. Twenty-four hours later, she was notified by the hospital that she sustained two fractures in her left foot. Plaintiff was treated for her injuries for a brief period of approximately two months between July and September 1991. This treatment included physical therapy for plaintiff's left foot and for stiffness in plaintiff's neck. Plaintiff attended physical therapy approximately two to three times per week between July 18, 1991 and September 12, 1991. Following September 12, 1991, plaintiff received no further treatments for any injuries sustained in the accident. Plaintiff testified at her deposition that there was nothing that she could not do after the accident that she did before it, stating specifically that, "I don't let it stop me from doing anything." (Lalena deposition at 25.) In addition, plaintiff returned to her pre-accident, full-time work schedule three weeks after the accident.

It is noteworthy that, in a letter dated December 9, 1991 from Samuel C. Santangelo M.D., plaintiff's treating physician, it is indicated that on a visit to the office on August 20, 1991, the plaintiff "had no complaints." This letter also describes a "complete healing of all fractures," a "complete recovery" from fractures of the first and second toes of the left foot, and, finally, an excellent prognosis.

The plaintiff in this case suffered only minor injuries from the motor vehicle accident, from which she was treated and has made a complete recovery. At her own admission, the injuries that she sustained do not prevent her from doing anything that she did before the accident. Such injuries, in the court's determination, do not fall within the "serious impairment of body function" standard set forth by the applicable statutory and case law.

After a thorough review of the record in this case, including the deposition testimony of plaintiff Debra Lalena as well as the medical documentation of her treatment and recovery, the court determined that no genuine issue of material fact existed concerning the nature and extent of plaintiff's injuries, and that the injuries did not rise to the level of serious impairment of a bodily function. Defendants Lawrence Scheetz Jr. and Melissa Murray were, therefore, entitled to summary judgment as a matter of law.